Mr. Galani is going to appear by Zoom, so we'll take a moment to get that set up. We cannot hear you, Mr. Galani.  Mr. Galani, can you hear us? Could you raise your—just give us a thumbs up if you can hear us? Okay, you can hear us. So, since you had two minutes remaining on the time you reserved for your main argument, we could hear the argument from the appellee, and in the meantime try to fix the audio so that he'll be prepared to give his rebuttal, and we can give you the extra two minutes on the back end. Would that make sense? Okay, we could do that. I just want to make sure that we're able to fix the problem in the meantime. Would that be okay? Okay, so while we're working on restoring the audio for Mr. Galani, we will hear from the appellee. So let's hear from Mr. Campson. Thank you, Your Honors. Your Honors, this appeal arises from the grant of summary judgment in favor of appellees against Mr. Galani on all of his over two dozen discrimination claims under federal and state law. And on this appeal, it doesn't appear as if he is appealing the actual merits of the findings in favor of appellees. Rather, he's appealing what he believes are due process violations from actions that occurred before entry of either the two summary judgment – the entries of judgment and summary judgment. And to be clear on that, even in his reply brief at paragraph four, he comes out and finally says Judge Seibel's rulings are irrelevant to this appeal. So I think it's necessarily true that he's not appealing the merits. But doesn't he say, though, that he seeks reversal of both summary judgment orders? He does, Your Honor, but that's because what he's claiming is essentially that it was an impartial judge or unfair proceedings leading up to it. So nowhere in his brief is he really challenging any of the findings that the court made. What he's saying is it's unfair that he had the spoliation motions, as he mentioned here. He didn't get a subpoena from Microsoft Online Services. The court and appellees, including myself, counsel, tampered with his evidence on summary judgment. Judge Seibel changed his testimony on summary judgment and the local rule 56.2 statement. So all of these are non-meritorious arguments as to the findings that Judge Seibel made in the underlying case. I was a little concerned that he didn't get the notices that he was entitled to about the effect of summary judgment and how we typically require advising pro se litigants that this is it. Yes, Your Honor. So to be clear, his brief was a little confusing. He did get the notice, and that was? Ultimately, he did. But at the beginning, he submitted – is that wrong? Respectfully, Your Honor. Well, to clarify, so it's ASA – in his ASA 377 through 379, it was filed on December 21, 2020. Appellees did file the notice to pro se litigant who opposes a motion for summary judgment pursuant to local rule 56.2. It is nearly verbatim from the rule. It was tailored because we're the defendants in this case. It described the local rule 56 as local rule 56.2 does. What happened was inadvertently in the filing process, my office omitted the copy of rule 56 and rule 56.1. Now, the standard here as to whether this should have any lasting effect is whether the pro se – whether it was unclear whether the pro se didn't understand the nature of the summary judgment proceedings. And so here, in opposition to appellee summary judgment and in his own affirmative summary judgment, the district court allowed him a months-long process of filing his motions for summary judgment and his opposition to correct those, refile, et cetera. Judge Seibel also specifically referenced his 56.1 statement. And then, most importantly, I think, Your Honor, to your question, is he did file a 56.1 statement in opposition to appellee summary judgment. And that was docketed response to defendant's statement of material facts. But when you look at the actual caption of that filing, and that's A400 through 429, it's plaintiff's response to defendant's statement of undisputed material facts pursuant to local civil rule 56.1 in opposition to defendant motion for summary judgment. So – and that satisfies local rule 56.1B. So he understood that he needed to file a 56.1B statement in opposition. And the court accepted that. And it's even discussed in a footnote on one of the earlier pages of the opinion. So he fully understood over this months-long period that he needed to file this statement. And then he filed his own affirmative summary judgment during this process as well. So he understood both the opposition and the affirmative filing request. And because there's really no evidence that he didn't understand the nature of it, at this point he's not entitled, I don't think, to any procedural relief on that issue. Thank you. Can I ask you a question about the Microsoft subpoena? Yes, Your Honor. Can you just walk me through procedurally how he could have accomplished that without an order from the judge and what steps he would have had to take? Yes, Your Honor. I'm not intimately familiar, unfortunately, with how a pro se obtains – how he obtained his subpoenas. But I do want to be clear that in the discovery proceedings in this case, he obtained numerous discovery subpoenas, I'll call them. And that was for depositions of numerous non-parties, but most importantly, of his phone carrier. And I think that that's identical or analogous, I should say, to the Microsoft Online subpoena that he wanted. Is that in the record? Can we look in the record as to how he got that subpoena for his phone carrier and what he filed? I know the concept is in the record. I'm just wondering if the operative documents are. It should be. It's certainly in the – it may be in the pro se filing office's requirements. I don't know specifically if the requirements that he followed are. But as to those – and he also got trial subpoenas after Judge Davison was out of that portion of the case. He did all of that without a specific order from the court. And I think really what he wants is a motion to compel – or an order compelling, I'm sorry, Microsoft Online Services to provide these documents. To the extent they even have them, I don't know. So if I'm understanding your argument, you're not saying – I can cite you chapter and verse to say here's how he could have accomplished this on his own. What you're saying is, well, he seems to have accomplished some similar-looking subpoenas on his own. So we're inferring that he could have done this on his own and didn't need a court order. Yes, Your Honor. I don't have it in front of me how – what the pro se procedure is for obtaining the subpoenas. But it was never an issue in the district court for him to obtain subpoenas. And Judge Davison had numerous telephone discovery hearings on many of the disputes that he raised. And he – other than the sort of letter he asked for referencing the Microsoft subpoena, he never raised that. He couldn't obtain it otherwise. He never affirmatively sought the court's assistance in getting either a subpoena or what I think, as I said, he really wanted was an order. I think he's confusing the term subpoena and order because he had no obstacles whatsoever to obtaining subpoenas for both deponents and maybe it was Verizon or T-Mobile for his phone carrier, for his phone records. So he had zero issues obtaining that. And he's never explained why he couldn't get a Microsoft Online Services subpoena here. And the – and we did provide those, those Q2 and Q3 performance reviews anyway. Of course, he's entitled to any subpoena he wants. But he's never explained and he never explained in the district court why he was unable to obtain this subpoena. Now, Your Honors, briefly, the other evidence that Mr. – the other allegations that Mr. Ghilani raises are the evidence tampering. That's the district court changed his testimony. Again, that was addressed below. Teneo USA Inc. was at it as a party. He says that the district court erred in not doing that. They're not even a legal entity. Exfoliation allegations I addressed. He accuses Appley's counsel and Appley's – in the court of collaborating together to destroy his evidence or alter his evidence, excuse me, on summary judgment. In that regard, the circuit – the district court allowed him to file through the pro se office all of his exhibits in PDF format so they couldn't be changed and allowed him to submit everything to the district court in paper. He accused Judge Tavello of changing his deposition testimony. There's no evidence of that. Nothing was altered. And I've addressed the local rule 56.2 statement. So unless the court has any other questions, we'll have nothing further. Seeing nothing else, thank you very much, Mr. Kampson. We'll turn back to Mr. Ghilani on rebuttal. So let's see if we're able to – if we fix the problem and we can hear him now. Well, I'm on the phone, Your Honor. Oh, great. So one second, Mr. Ghilani. We don't have your video set up. Okay, so we can see you now, and it seems like we can hear you. So we'll give you some extra time to make up for the problem before, but go ahead. So basically, Judge, so what happened was I called Microsoft, and Microsoft said that you can do the subpoena, and then the court has to order – to release the performance review. I did document that to the judge, and the judge denied it. The judge did not do anything. Can you point me to the place in the record where the judge denied your request for the subpoena or the order? He did not respond at all. He just – I submitted a letter – just one second. The letter I submitted was – one second, one second. I think there's some feedback. I think – Just one second, Your Honor. If you've cited it in your brief, I'll find it. Do you think that you gave the citation in your brief? Yes, I did, Your Honor. Okay, I'll find it. Okay, we will send something by writing if we want additional information, but why don't you move on with the rest of your rebuttal? Yeah, so basically, for that, I would like to retain this particular motion of spoliation. Now, there was another attorney also as part of this one. Her name was Laura Rubinstein, so there were three lawyers. I never received my performance review. If you look at it in the citation, I had what you call – I got 3% raise. I got 12,000 bonus. The following year, I got the same thing, 4% bonus and 14,000 review. So if the performance is bad, you should be getting a performance improvement review, and I never got that, and that was I added up to the RFA 13. So I would like you guys to vacate and allow me due process to obtain the record from Microsoft, and the court should order, if the court can order, 10 years to allow to release that document. Any questions on this first one? No, there are no more questions. Mr. Adani, you have further argument? Yes, I have a second one where my record was what you call – when I submitted my testimony or my evidence, it was all – it became so bad that I could not find anything, and there was – one of the issues came out was – second day from the appellee's counsel that you had the long, what you call, declaration, which I did 144 pages. He would not have known if it was long or short, and then in my document, pages were turned, pages were removed from the performance review, which I mentioned that on T, all the documents I related to, which has T, and then there was another document, which was performance review, the hiring of my – on the 16th of 2017, which then you gave it to me when it was folded, so nobody can see the exhibit number, and it was – Thank you very much. Thank you very much, Mr. Golan. I think we have that argument from your briefing. Mr. Sampson. Why don't you make one final point, and then we're beyond – we're past time. Yes. So one point, he said that Judge Seibel, I thought – I asked her, why did you make my – you said that on the testimony, that Mr. Gilani's testimony that he had sitting, I said, I never said that. She said she tried to do the favor, but what – what – they took that one and filed a new information about my testimony and filed a dismissal. So they're just lying. That's what my – that's my take. Okay. Thank you very much, Mr. Gilani. Thank you for your argument. Our apologies about the technical difficulties. The case is submitted, and because that is the last argued case for today, we are adjourned. Thank you. Thank you. Court stands adjourned.